UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ECOMMISSION SOLUTIONS, LLC,<br><br>       Plaintiff,<br>v.<br><br>CTS HOLDINGS, INC. and CTS SYSTEMS, INC.,<br><br>       Defendants. | CIVIL ACTION NO. 15 Civ 2671 (AT)*<br><br>*Action is pending in the United States District Court for the Southern District of New York<br><br>Miscellaneous Action No. |

**MEMORANDUM OF LAW OF NON-PARTY DELL
MARKETING, LP IN SUPPORT OF EMERGENCY MOTION TO QUASH
SUBPOENA AD TESTIFICANDUM OR, ALTERNATIVELY,
FOR A PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 45(d) and 26(c), non-party witness Dell Marketing, LP ("Dell") respectfully moves this Court for the entry of an order either: (a) quashing the deposition subpoena delivered to its representative Bradley Hughes which commands him to appear on behalf of Dell for the taking of a deposition on August 26, 2016[1] in the above-referenced litigation (the "Subpoena"); or (b) to postpone any decision of whether Dell may be deposed as a non-party witness until such time as a pending motion by the subpoenaing parties to add Dell as a party in the action has been resolved. Dell seeks this relief on the ground that the parties issuing the Subpoena – CTS Holdings, Inc., and CTS Systems, Inc. (hereinafter collectively referred to as "CTS") – in violation of Fed. R. Civ. P. 45(d)(1) – are imposing an undue burden on Dell and Mr. Hughes by trying depose Dell at a time when

---

[1] Counsel for parties issuing the subpoena have now requested that the deposition of Mr. Hughes take place on August 30, 2016.

Dell does not know whether it will be a party in this action. Furthermore, the eleventh hour issuance of the subpoena, at a time that is inconvenient to Dell, suggests that the testimony sought is non-essential, especially given that a former Dell representative has already been deposed in this case.

I. **BACKGROUND**

Dell is not a party to this lawsuit but just a witness. It understands, however, that the facts and issues relating to the case stem from contractual relationships it had with both Plaintiff eCommissions Solutions, LLC ("ECS"), and CTS with respect to certain Travel Agency Commission Services ("TACs") that each was involved in either selling, marketing or administering. Dell and ECS recently litigated issues related to the TACs business in state court in Dallas, Texas in a case entitled eCommissions Solutions, LLC ("ECS") v. Dell Marketing, L.P., et al., in the District Court of Dallas County, Texas, 116th Judicial District, Cause No. DC-15-02582. CTS was fully aware of those proceedings.

The instant action commenced on March 26, 2015, when ECS filed a complaint against CTS in the Supreme Court of the State of New York. Approximately two weeks later, on April 6, 2015, CTS removed the action to the United States District Court for the Southern District of New York, where the case is still pending. On March 3, 2016, CTS filed its Answer, Affirmative Defenses and Counterclaims.

On July 29, 2016, CTS filed a motion to amend its current complaint to add Dell as third-party defendant (the "Motion to Add Dell"). In its Memorandum of Law in support of the Motion to Add Dell, CTS represented that discovery in the action was "far from complete", that the case was "still in its infancy" and that adding Dell as a party would not

unduly delay trial of the case. (Geerken Decl. Ex. B at 9-11.) CTS served its subpoena upon Mr. Hughes as a representative of Dell on August 11, 2016. Dell objected to proceeding with the deposition before the Motion to Add Dell has been resolved and also objected to the timing of the deposition as inconvenient.[2] CTS has refused to postpone the deposition claiming that, notwithstanding its representation that discovery was far from complete in the Motion to Add Dell, it now must take Dell's deposition prior to an August 31, 2016 discovery deadline in order to defend itself against ECS's claims. CTS has not, however, explained why it did not seek this deposition until less than a month before discovery was scheduled to close or why it is necessary at all, when a deposition of another (now former) employee of Dell has already been taken in the case. The Dell employee who was deposed in this matter is Stephen Cherico. Mr. Cherico had day-to-day involvement in the TACs business that is at issue in this action. Mr. Hughes did not. (Geercken Decl. at ¶ 10.)

## II.  ARGUMENT

The Subpoena should be quashed as unduly burdensome because it impermissibly seeks deposition testimony from Dell at a time when: (i) CTS is already moving to add Dell as a party in the case; and (ii) it appears superfluous given that (a) another now former Dell employee, more familiar with the day-to-day aspects of the business at issue, has already

---

[2] By email on August 18, 2016, counsel for CTS requested that the deposition originally noticed for August 26, 2016 occur on August 30, 2016. Counsel for Dell responded that August 30, 2016 was not convenient, and that scheduling the deposition should await the district court's ruling on CTS's pending motion to add Dell as a party in the Action. (Geercken Decl. Ex. A.)

been deposed in this action and (b) CTS only sought the current deposition less than a month before its current discovery deadline.

    A.    <u>The Subpoena Should Be Quashed or Adjourned Until CTS's Motion to Amend Has Been Resolved.</u>

Rule 45(d)(3) provides that the Court "must quash or modify a subpoena that subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3). Likewise, Rule 26(c) provides that the Court can issue a protective order to protect an individual from "undue annoyance." Fed. R. Civ. P. 26(c). Moreover, a federal court has inherent power to protect anyone from the oppressive use of process, whether the oppression is intended or not. See e.g., <u>Hecht v. Pro-Football, Inc.</u>, 46 F.R.D. 605, 606 (D.D.C. 1969). This Court has recognized that a number of factors are potentially relevant to the question of undue burden, among them:

> whether the discovery is unreasonably cumulative or duplicative; whether the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive; and whether the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

<u>Phillips & Cohen, LLP v. Thorpe</u>, 300 F.R.D. 16 (D.D.C 2013); <u>Flanagan v. Wyndham Int'l Inc.</u>, 231 F.R.D. 98, 102–03 (D.D.C. 2005) (courts apply a balancing test to weigh the burden on the moving party against the need of the party seeking the deposition).

In this case, where CTS's Motion is pending in the underlying litigation, the burden of compelling Mr. Hughes to testify prior to resolution of whether Dell is a party to this

action or merely a non-party witness would impose upon Dell precisely the sort of undue burden and annoyance prohibited by Rules 26 and 45.

Specifically, the "less burdensome" means by which CTS may obtain Mr. Hughes' deposition testimony is to wait until the S.D.N.Y. resolves CTS's Motion to Add Dell, and rules whether Dell should be joined as a third-party defendant. In that way, Dell will not face the prospect of Mr. Hughes potentially being called to testify both as a non-party and again later as a party witness. Under similar facts, federal courts have precluded a third-party deposition until after the district court has ruled on the subpoenaing party's motion for leave to amend in order to file a third-party complaint against a subpoenaed individual. For example, in Doe v. City of San Diego, the federal court issued a protective order preventing a deposition from proceeding where the movant's status as either a "percipient witness or named defendant awaits the district judge's ruling" on the motion for leave to amend. 2013 WL 3989193, at *7 (S.D.Ca. Aug. 1. 2013). The court explained that the subpoenaed individual "is entitled to answer questions during his deposition when he knows whether he is a defendant in this case." Id.

B.    The Subpoena Is Also Unduly Burdensome and Should Be Quashed Because It Seeks Non-Essential, Superfluous Testimony.

Dell's status as a non-party "entitles [it] to consideration regarding expense and inconvenience." Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 49 (S.D.N.Y. 1996); Anker v. G.D. Searle & Co., 126 F.R.D. 515, 521 (M.D.N.C. 1989) ("in order to be entitled to conduct a deposition… the plaintiff must demonstrate that the relevance and need for the evidence outweigh the burden and prejudice to the non-party."). CTS's issuance of a last minute deposition of Mr. Hughes will subject Dell to the burden of having to rush to

prepare Mr. Hughes and learn the nuances of a case in which it may be added as a party. CTS, on the other hand has already had an opportunity to depose a former Dell representative who was more involved in the day-to-day aspects of the TACs business than Mr. Hughes was. The fact that CTS waited this long to seek testimony from Mr. Hughes strongly suggests that his deposition is an after-thought and that his testimony would be non-essential.

Federal courts have broad discretion to prohibit a party from obtaining discovery from a non-party if that information is otherwise available or is non-essential. Amini Innovation Corp. v. McFerran Home Furnishings, 300 F.R.D. 406, 410-11 (C.D. Cal. 2014). Indeed, the Amini court found that the late service of a subpoena, "at the end of the time allotted for discovery, undermines any claim that [the witness's] testimony is essential". Id. at 411. The court went on to note that, had the party that issued the subpoena "truly considered [the witness] a critical witness, it is unlikely that it would have waited until just six weeks before the close of discovery to serve the subpoena." Id. The court then quashed the subpoena in question. The same result should obtain here, where CTS waited until less than four weeks before the close of discovery to issue its subpoena to Mr. Hughes.

## III. CONCLUSION

For the reasons stated above, the Court should quash the Subpoena issued to Mr. Hughes or, in the alternative, enter a Protective Order that postpones the deposition of Mr. Hughes from the Subpoena date of August 26, 2016.

Respectfully submitted, this 19th day of August, 2016.

Laura E. Sierra
Alston & Bird, LLP
950 F. Street, N.W.
Washington, D.C. 20004
Tel: (202) 239-3925
Fax: (202) 654-4915
laura.sierra@alston.com

*Counsel for Movant*

## AFFIRMATION

Pursuant to Local Rule 7.02, the undersigned certifies that counsel for Movant has conferred with Counsel for CTS, and counsel were unable to reach an agreement on the resolution of this Motion.

This 19th day of August, 2016.

_____
Laura E. Sierra
Alston & Bird, LLP
950 F. Street, N.W.
Washington, D.C. 20004
Tel: (202) 239-3925
Fax: (202) 654-4915
laura.sierra@alston.com

*Counsel for Movant*

## CERTIFICATE OF SERVICE

The undersigned certifies that she has this day served a true and correct copy of the within and foregoing EMERGENCY MOTION TO QUASH SUBPOENA OR, ALTERNATIVELY, FOR A PROTECTIVE ORDER, and MEMORANDUM OF LAW IN SUPPORT, and accompanying DECLARATION OF KARL GEERCKEN, on the following counsel of record by *overnight delivery*:

> Vivian M. Arias
> Thompson & Knight LLP
> 900 Third Avenue, 20th Floor
> New York, NY 10022
> Phone: 212.751.3325 Email:
> Vivian.Arias@tklaw.com
>
> *Counsel for Defendants*

This 19th day of August, 2016.

> _____
> Laura E. Sierra
> Alston & Bird, LLP
> 950 F. Street, N.W.
> Washington, D.C. 20004
> Tel: (202) 239-3925
> Fax: (202) 654-4915
> laura.sierra@alston.com
>
> *Counsel for Movant*